I'm Art Allen. I represent the appellant, Luis Rodriguez-Gomez. We're seeking a reversal of the district court's decision denying Mr. Rodriguez's motion to dismiss based upon a defective prior deportation. What was defective about the deportation? In that, Your Honor, the immigration judge at that time, and we're talking about a hearing that took place in 1993, after a rather cursory inquiry as to multiple detainees or a joint hearing, advised Mr. Rodriguez that there was nothing he could do for him because he did not have a job. He did not have the seven years' residency that would have allowed discretionary review under Section 212c. In fact, what the I.J. told your client was that he couldn't recommend 212, application for 212 relief, because he wasn't eligible for it, right? That's correct. That is what he told. Whether you accept the government's interpretation, calculation of time or your own client's interpretation of time, that was correct, right? No, it wasn't, Your Honor, and that's the crux of our ---- What made the advice or the comment by the I.J. incorrect? Because at that time, the defect or the ineligibility comes down to the seven years' residency requirement. The immigration judge did not apparently take into consideration the law, not the case law, but the law at that time, which said that that seven-year period begins to run when an individual files. Judge Hawkins' question was, either way, whether you take the three years that the government says or the 11 months that you would calculate, either way, he would say that he was not yet eligible for relief. Was not yet eligible, however, Your Honor, under the Feruggi case from this circuit, which did not set new law contrary to the government's position, but which simply analyzed the Immigration Act that had been passed subprevious to Mr. Rodriguez's hearing, had Mr. Rodriguez appealed at seven years' time? He told him he had a right to appeal. He told him that he was not yet eligible for relief. Did you think there was an obligation to say, but if you file an appeal, maybe it'll take long enough so that you will become eligible during the appeal period if you can draw it out long enough? Your Honor, I would not necessarily say he had that obligation. What I would say is he had the obligation not to say, your appeal is hopeless, don't bother, in effect. When did he say that? When he said there is nothing you can do. If you have a right to appeal, I can't give you discretionary relief now. I can't give you 212C relief. He didn't say your appeal is hopeless. He didn't say don't appeal. He said you have a right to appeal, and your client said, yes, I'm going to appeal, and he was given the paperwork, and he never filed one. Correct. And the record is silent, Your Honor, as to what may have played into that decision. What is on the record is silent, Your Honor, as to what may have played into that decision. There's nothing that the ALJ did or the IJ did to discourage your client from filing an appeal. Your Honor, with all due respect, that's where I am submitting to this Court that what he did do was to tell him that it was hopeless to appeal. And the government — In what state — what statement do you construe to that effect? The statement of the immigration court, Your Honor, which is you — Is that your 212 relief? Yes. Well, what does that have to do with whether he can appeal? Well, it would be tantamount, Your Honor, by analogy to a criminal defendant being convicted after a trial, going in and having the district court's judge say, well, you could appeal, but let me tell you — No, it's not like that at all. It's like you're saying you're not eligible for probation. It doesn't say anything about whether you have a ground for an appeal. But that — I mean, I can't give you some kind of ancillary relief. It doesn't say that your appeal is unmeritorious. When he told him there was no relief available, speaking of the immigration judge, and that he had no choice but to deport him, that is the equivalent of saying it's useless, it's futile. Well, it was true. I'm sorry. Well, it was true. Actually, no, Your Honor, because, again, contrary to the government's position, neither the law in Ortega nor the law in Feruge established new law. The state of the law in 1993, as this Court has made clear in those opinions — But assuming all of that is correct, what Judge Newman says is it's true, there was nothing he could do for him at that point. There was perhaps nothing that that judge thought he could have done, and so informed Mr. Rodriguez. The only thing I can do, you're not eligible now due to time for 212's relief, but you can appeal. Correct. And he didn't appeal. And that's correct, Your Honor. And therein lies the rub in this case. The rub is the problem. It is the problem. And I'd have to candidly concede that. But what I am saying to the Court is, A, the state of the law then was that the seven years ran from application, the seven years ran from appeals. We're assuming the seven years ran from application, and that it continued to run. Correct. And had Mr. Rodriguez appealed, contrary to the government's position, he would have become eligible for discretionary relief. He had plausible grounds for 212c relief, which is all this Court has said anyone need demonstrate. So we come back to he did not appeal. Is that the government calls it the fatal flaw here, but we're looking at prior proceedings on the court. Back to what I asked you initially. You're basically saying that he should have said to him, if you appeal, you may run out the clock and become eligible if your appeal takes long enough. I wish that were the standard, but I would say we only need make the standard that the judge should not have discouraged him from appealing. He should have simply said, you have the right to appeal. All right. You've gone over it several times. Do you want to save two minutes for a rebuttal? Yes, if I may, Your Honor. Thank you. I don't think your case depends on the retroactivity of either of those two provisions. No, sir, I agree. I think the Court has already addressed what I believe are the salient points in this. First, the immigration judge's advice on August 25th, 1993, at the deportation hearing, was legally correct under Castillo-Felix at that time. The domicile period ran from when you became a permanent resident. The defendant didn't obtain that status until 1989 in July. And the statement about him telling he has no chance, what it actually said was the immigration judge said, I have no choice, I have to order you deported to Mexico. But the Court is also correct. He then carefully told the defendant, when he said, I want to appeal, this is what you have to do, this is your deadlines, you must do it. He had until September 7th. He was not deported until September 8th. So he was in the country, able to do it. He did not do it. That's not a waiver. That is a choice not to appeal, which, again, I think calls against the defendant. Next, if Ortega didn't announce a new rule, it certainly was a new interpretation that had not existed in light of Castillo-Felix. So even if the defendant had kept his 11 months to his 7 years, that would only get him to July 1994. The Ortega case wasn't decided until June of 1995. So even then, he would have not had that legal argument to prevent him from being deported. And then lastly, an issue that hasn't been discussed much, but the defendant has presented no evidence as to prejudice. The defendant does not in any way, if you look at the case of Jimenez, Gonzalez-Valerio, Mumbaldo-Figueroa, those cases all have specific evidence showing extraordinary circumstances that would make the defendant qualify for this relief in deportation. That has not been presented in the record either in another ground to uphold the district court's decision. Thank you. Scalia. Thank you, Judge. Your Honor, if I may, if I may very briefly respond, the government characterizes this as not a waiver, but by common definition, the waiver is a failure to exercise a right. There is a waiver here. However, the government chooses to characterize it. And a waiver of a right must be knowing and intelligent. This waiver was not knowing and intelligent because of the incorrect information given to Mr. Rodriguez by the immigration judge. The prejudice-prong, Your Honor, I need only suggest to the Court that being deported from the country of your residence, leaving your wife, your children, your employment, your home behind is prejudice. Well, by prejudice, what we mean in this context is that he has to make some kind of a showing that he would be eligible for consideration for 212C relief. Which, in the pre-sentence report, Your Honor, that was submitted to the Court under a lengthy period of residence in this country, ownership of a home, employment, a wife, two or three children who are United States citizens who are probably still in this country. Are you saying there was a showing in the district court of potential hardship? Those are factors that the Board could have considered under a 212C application. Thank you. Thank you, Your Honor. The case is argued will be submitted. The next case on the calendar for
judges: Reinhardt, Noonan, Hawkins